IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **GARY HOLMES,** | * |
| | * |
| Plaintiff, | * |
| | *     Civil No. TMD 13-3546 |
| v. | * |
| | * |
| | * |
| **CAROLYN W. COLVIN,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| Defendant. | * |
| | ************ |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Gary Holmes ("Plaintiff") seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment or Alternative Motion for Remand (ECF No. 17) and Defendant's Motion for Summary Judgment (ECF No. 19).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's Alternative Motion for Remand (ECF No. 17) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## **Background**

Plaintiff was born in 1962, has a GED, and previously worked as a support service officer.  R. at 26-27, 147.  Plaintiff protectively applied for DIB on April 5, 2010, alleging disability beginning on March 30, 2010, due to plantar fasciitis, hallux valgus, diabetes, high blood pressure, and bone problems.  R. at 115-19, 141, 146.  The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 56-75, 78-80.  On July 26, 2012, ALJ Eugene Bond held a hearing at which Plaintiff and a vocational expert ("VE") testified.  R. at 22-34.  On August 15, 2012, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of March 30, 2010, through the date of the decision.  R. at 8-21.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on September 26, 2013.  R. at 1-7.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. § 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On November 25, 2013, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

II

**Summary of Evidence**

A.   **Opinion Evidence**

The ALJ reviewed in his decision the opinion evidence of record:

Sushma Chandan, M.D., a treating podiatrist, opined on February 8, 2010, that [Plaintiff] can perform work requiring "sitting and walking intermittently 30-90 minutes per day." . . .

> David J. Novak, M.D., a treating physician, opined on December 6, [2000], that [Plaintiff] has limited ability to stand for long periods of time and must take breaks from standing or walking every 1-2 hours. Cedrella C. Jones-Taylor, M.D., a treating internist, opined on January 13, 2005, that [Plaintiff's] foot conditions "limit his ability to stand and walk for long periods of time." Sushma Chandan, M.D., a treating podiatrist, opined on February 7, 2005, that "it will be difficult for [Plaintiff] to do work that requires sitting and standing for six hours per day." On June 21, 2005, she further opined that [Plaintiff] "is unable to perform his duties that require standing for six hours per day. However, [Plaintiff] is not totally disabled and should be able to perform duties requiring a combination of sitting, standing, and walking." Duane A. McKinney, DPM, a treating podiatrist, opined on March 30, 2010, that "it will be difficult for [Plaintiff] to perform duties that require standing and walking for 8 hours per day."

R. at 15 (citations omitted); *see* R. at 237-43.

On September 15, 2010, Patricia Schiff, M.D., a state agency medical consultant, assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 376-83. Dr. Schiff opined that Plaintiff could (1) lift and/or carry 50 pounds occasionally and 25 pounds frequently; (2) stand and/or walk for a total of at least two hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) occasionally push and/or pull with the lower extremities. R. at 377. Plaintiff occasionally could balance and stoop and frequently could kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds). R. at 378. His environmental limitations included avoiding moderate exposure to vibration and

avoiding concentrated exposure to unprotected heights. R. at 380. He had no manipulative, visual, or communicative limitations, however. R. at 379-80.

On July 20, 2011, another state agency medical consultant, Eduardo Haim, M.D., also assessed Plaintiff's physical RFC. R. at 62-63. Dr. Haim opined that Plaintiff could (1) lift and/or carry 50 pounds occasionally and 25 pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 62. Plaintiff occasionally could climb ladders, ropes, and scaffolds. R. at 62. He could perform unlimited balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs. R. at 62-63. Plaintiff had no manipulative, visual, communicative, or environmental limitations. R. at 63.

**B.     Hearing Testimony**

    **1.     Plaintiff's Testimony**

The ALJ reviewed in his decision his determination of the credibility of Plaintiff's allegations:

> [Plaintiff] alleges plantar fasciitis, hallux valgus, diabetes, hypertension, and bone problems. He states that these impairments result in pain, ankle swelling, stiffness in both feet, fatigue caused by diabetes and medications, inability to walk long distances, difficulty maneuvering stairs, difficulty standing for more than 20 minutes, poor concentration, and need for a cane.
>
> These alleged limitations are not entirely consistent with [Plaintiff's] statements that although he has difficulty moving, he can prepare simple meals, do light housework, drive a car as necessary, shop for food [by] mail, and pay bills. [Plaintiff] told a nurse practitioner at the Veterans Administration hospital that his foot and ankle problems resulted in moderate limitations in shopping and chores, and no limitations in feeding, bathing, dressing, toileting, and grooming, though he did state that he was unable to exercise or participate in sports or recreation. Medical records show that [Plaintiff] does not always take his medication as prescribed, which may indicate that his symptoms are not as limiting as he alleges.

R. at 14 (citations omitted); *see* R. at 184-92, 261, 477.

    **2.**    **VE Testimony**

According to the VE, light,[2] unskilled jobs in the national economy with a sit-stand option at will available to a hypothetical person with Plaintiff's same age, education, and work experience include counter clerk, office helper, and router.  R. at 31-32.  The VE's testimony about a sit-stand option is based on her experience and not on the *Dictionary of Occupational Titles*.[3]  R. at 32.  The VE opined that an employer would not tolerate an individual's reduction in productivity by 15 to 18%.  R. at 32-33.

### III

### Summary of ALJ's Decision

On August 15, 2012, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of March 30, 2010; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy, such as a counter clerk, office helper, or router.  R.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*

[3] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. § 404.1566(d)(1).  "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption."  *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

at 13-17.  The ALJ thus found that he was not disabled from March 30, 2010, through the date of the decision.  R. at 17.

In so finding, the ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except he requires unskilled work and the option to alternate between sitting and standing at will."  R. at 14.  The ALJ found that this assessment "is supported by the objective medical evidence, the opinion evidence, and [Plaintiff's] subjective allegations."  R. at 16.

Regarding Plaintiff's credibility, the ALJ found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  R. at 14.

The ALJ also weighed the opinion evidence in the record, giving "little weight" to the opinions of most of Plaintiff's treating sources "because they are inconsistent with [his] statements regarding his activities."  R. at 15.  The ALJ did, however, give "significant weight" to Dr. Chandan's February 2010 opinion "because it is consistent with evidence showing an osteochondral injury of the left ankle."  R. at 15 (citing R. at 244-341).

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

---

appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[5] 96-8p. Pl.'s Mem. Supp. Mot. Summ. J. 3-8, ECF No. 17-1 (citing, *inter alia*, *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271-72 (D. Md. 2003)). Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 6. In particular, he asserts that the ALJ failed to explain adequately his decision and to evaluate properly pertinent evidence. *Id.* at 6-8. Plaintiff also contends that the ALJ erroneously assessed his subjective complaints. *Id.* at 8-12.

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

Plaintiff maintains that the ALJ failed to include in his RFC assessment any limitation reflecting Dr. Chandran's opinion that Plaintiff was limited to sitting and walking intermittently between 30 to 90 minutes per day. Instead, according to Plaintiff, the ALJ placed no limitation upon the amount of time that he was capable of sitting or walking in an eight-hour day. As the Commissioner points out, however, the ALJ included in his RFC assessment an option for Plaintiff to alternate between siting and standing at will. R. at 14. "In light of the inclusion of the sit/stand option, which would allow [Plaintiff] unfettered discretion regarding whether to sit or stand, the ALJ did not have to make more specific findings about [his] maximum daily capacity for sitting or standing." *Magill v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-12-3558, 2013 WL 5960872, at *1 (D. Md. Nov. 5, 2013). Plaintiff's contention in this regard thus is unavailing.

Plaintiff next asserts to no avail that the ALJ failed to refer to his bilateral foot problems. The ALJ, in fact, referred to "[o]bjective medical evidence reflect[ing] a history of pain in both feet." R. at 15 (citing R. at 231-36). Plaintiff also contends that the ALJ "has failed to explain how an individual with [his] combination of impairments would be . . . capable of performing light work, and would not be limited solely to a range of sedentary work." Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 17-1. Dr. Chandan in February 2010 opined that Plaintiff could intermittently lift and carry between 10 and 20 pounds (R. at 239), which is consistent with light work. *See* 20 C.F.R. § 404.1567(b). The ALJ also afforded "little weight" to the opinion of Dr. Schiff, the state agency medical consultant, who opined that Plaintiff was capable of performing medium work, because the opinion was inconsistent with Plaintiff's statements regarding his activities (R. at 15-16, 184-92, 261, 377). *See id.* § 404.1567(c) ("Medium work involves lifting

11

no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.").

Plaintiff asserts, however, that the ALJ erroneously assessed his subjective complaints. Pl.'s Mem. Supp. Mot. Summ. J. 8-12, ECF No. 17-1. Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." R. at 14. The Fourth Circuit recently has held that this language "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.'" *Mascio v. Colvin*, __ F.3d __, No. 13-2088, 2015 WL 1219530, at *5 (4th Cir. Mar. 18, 2015) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (Posner, J.)). Rather, the ALJ should compare the claimant's alleged functional limitations from pain to the other evidence in the record, not to the claimant's RFC. *See id.* "[A] claimant's pain and residual functional capacity are not separate assessments to be compared with each other. Rather, an ALJ is required to consider a claimant's pain as part of his analysis of residual functional capacity." *Id.*

In this regard, a claimant's daily living activities are considered when evaluating the intensity and persistence of his symptoms, including pain. 20 C.F.R. § 404.1529(c)(3)(i); *see Johnson*, 434 F.3d at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam). The "ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work," however. *Williams v. Colvin*, 1 F. Supp. 3d 480, 483 (E.D.N.C. 2014) (quoting *Hogg v. Shalala*, 45 F.3d 276, 278 (8th Cir. 1995)). "To establish disability, [the claimant] need not prove that [his] pain

precludes all productive activity and confines [his] to life in front of the television." *Baumgarten v. Chater*, 75 F.3d 366, 369 (8th Cir. 1996).

Here, as noted above in Part II.B.1, the ALJ found that Plaintiff's alleged limitations "are not entirely consistent" with his statements that he "can prepare simple meals, do light housework [i.e., dusting], drive a car as necessary, shop for food [by] mail, and pay bills," citing Plaintiff's function report completed on July 2, 2010. R. at 14, 184-92. Plaintiff also reported cooking and watching television daily. R. at 27-28, 188.

However, "although the ALJ concluded that [Plaintiff] can perform certain functions, he said nothing about [Plaintiff's] ability to perform them for a full workday." *Mascio*, 2015 WL 1219530, at *3. The ALJ failed to explain how Plaintiff's reported inability to walk long distances and difficulty with maneuvering stairs and with standing for more than 20 minutes "are not entirely consistent" with Plaintiff's ability to dust, prepare simple meals, pay bills, or drive. Despite Plaintiff's assertion that he was limited in his ability to walk, the ALJ found that Plaintiff could perform light work, which includes performing "a good deal of walking." *See id.* at *6 (citing 20 C.F.R. § 416.967(b)). "Nowhere, however, does the ALJ explain how he decided which of [Plaintiff's] statements to believe and which to discredit, other than the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [Plaintiff's] residual functional capacity." *Id.*

Also, the ALJ found that Plaintiff's symptoms were not as limiting as alleged because he did not always take his prescribed hypertension medication (R. at 14), but, as Plaintiff points out, his failure to comply "has nothing to do with pain." *Id.* The ALJ also noted that Plaintiff reported in September 2008 that his plantar fasciitis caused moderate limitations in shopping and chores and no limitations in feeding, bathing, dressing, toileting, and grooming (R. at 14 (citing

R. at 261)).  As Plaintiff points out, however, this treatment record relates to a period before his alleged onset date of disability of March 30, 2010.  In short, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Id.* at *3 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)).  Remand thus is warranted here.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 19) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**.  Plaintiff's Alternative Motion for Remand (ECF No. 17) is **GRANTED**.  A separate order shall issue.

Date: March 25, 2015                                          /s/
                                                        Thomas M. DiGirolamo
                                                        United States Magistrate Judge